UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ayanna Taylor,<br><br>　　　Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.,<br><br>　　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT, THE OHIO CONSUMER SALES PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Ayanna Taylor ("Ayanna"), is a natural person who resided in Toledo, Ohio, at all times relevant to this action.

2. Defendant, United Collection Bureau, Inc. ("UCB"), is an Ohio corporation that maintained its principal place of business in Toledo, Ohio, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Ayanna's claims under the Ohio Consumer Sales Practices Act, R.C. § 1345.02 (A) ("OCSPA") because they share a common nucleus of operative fact with Ayanna's claims under the TCPA.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. Within the past forty-eight months, UCB began calling Ayanna on Ayanna's cellular phone ending in -9387 in connection with the collection of a debt.

7. Ayanna is a "person" and "consumer" as defined by R.C. § 1345.01 (B, D).

8. UCB meets the definition of a "supplier" as defined by R.C. § 1345.01 (C). *See Midland Funding L.L.C.. V. Brent, 644 F.Supp2d 961, 976 (N.D. Ohio 2009)(citing cases)*.

9. Shortly after the calls began, Ayanna communicated her desire that UCB cease calling Ayanna.

10. In response, UCB apologized and told Ayanna UCB would not call back.

11. Despite this communication, UCB continued to call Ayanna on Ayanna's cellular phone.

12. UCB's collection efforts, including but not limited to its telephone calls, caused Ayanna emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

13. UCB's collection efforts also intruded upon Ayanna's privacy.

14. In addition, each time UCB placed a telephone call to Ayanna, UCB occupied Ayanna's telephone number such that Ayanna was unable to receive other phone calls at that telephone number while UCB was calling her.

15. UCB's telephone calls also forced Ayanna to lose time by having to tend to UCB's unwanted calls.

## APPLICABLE LAW

16. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

   Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

   137 Cong. Rec. 30,821 (1991).

17. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

18. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

19. A telephone dialing system with predictive dialer functionality is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see*

*also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

20. UCB used a telephone dialing system with predictive dialer functionality to place calls to Ayanna on her cellular telephone.

21. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> * * *
>>>
>>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

22. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7999-8000, ¶ 72-73 (2015).

23. Ayanna was the "called party" in each telephone call UCB placed to Ayanna's cellular telephone.

24. The "called party" may revoke any prior consent to be called on his or her cellular phone in any reasonable manner. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7993, ¶ 55 (2015); *Brown v. Credit Mgmt., LP*, 131 F. Supp. 3d 1332, 1345 (N.D. Ga. 2015) ("The unwillingness [to receive calls] 'may be manifested to the actor by any words or conduct inconsistent with the continued consent.'").

## COUNT ONE

### Violation of the Telephone Consumer Protection Act

25. Ayanna re-alleges and incorporates by reference Paragraphs 6 through 15 above as if fully set forth herein.

26. UCB violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Ayanna on her cellular telephone without Ayanna's prior express consent or after such consent had been revoked.

27. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

28. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

29. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015

WL 1522244, *9 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206, *7 (N.D. Ill. Mar. 19, 2013); *Stewart v. Regent Asset Mgmt. Solutions, Inc.*, 2011 WL 1766018, *7 (N.D. Ga. May 4, 2011).

30. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 WL 1154206, at *7; see also *Roylance*, 2015 WL 1522244, at *9 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

31. UCB voluntarily placed telephone calls to Ayanna's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

32. UCB's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## COUNT TWO

### Violation of the Ohio Consumer Sales Practices Act

33. Ayanna incorporates each of the preceding allegations as if specifically stated herein.

34. UCB's actions in attempting to collect the alleged debt from Ayanna as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

35. UCB's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§1345.01 and 1435.02 and the substantive rules promulgated under the OCSPA.

36. UCB, through its agents and employees, knowingly committed the unfair and unconscionable acts and practices described above.

37. UCB violated the OCSPA.

## JURY DEMAND

38. Ayanna demands a trial by jury.

## PRAYER FOR RELIEF

39. Ayanna prays for the following relief:

   a. An order enjoining UCB from placing further telephone calls to Ayanna's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   b. Judgment against UCB for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call UCB made in violation of the TCPA.

   c. Judgment against UCB for actual damages, punitive damages, and injunctive relief pursuant Ohio Rev. Code §1345.02(A).

   d. Judgment against UCB for reasonable attorney's fees and costs pursuant to Ohio Rev. Code §1345.09 (F)(2).

   e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

Date: April 18, 2017

By:   /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com
Ohio Bar No. 0079315